STÁTE of Missouri, Respondent,

v.

James Edward WILLIAMS, Appellant.

No. 49200.

Supreme Court of Missouri,

En Banc.

Nov. 14, 1962.

Charles W. Meoley, Flat River, Robert A. McIlrath, Flat River, for appellant.

Thomas F. Eagleton, Atty. Gen., Robert D. Kingsland, Asst. Atty. Gen., Jefferson City, for respondent.

HYDE, Judge.

Defendant sentenced to death on plea of guilty to a charge of forceable rape. (Sec. 559.260, statutory references are to RSMo and V.A.M.S.) Defendant's motion to withdraw plea was overruled and he has appealed.

Under the circumstances of this case our conclusion is that defendant should have been permitted to withdraw his plea and have a trial on the merits. (See Mo. Rule 27.25, V.A.M.R.; see also Federal Rule 32 (d) and discussion in Barron and Holtzoff Federal Practice and Procedure, Sec. 2264 and cases cited.) Defendant was represented by appointed counsel, who made very thorough investigation, taking depositions of the principal witnesses and attempting to find where defendant had been during the period from noon when defendant was in St. Louis on the day the crime was committed (in St. Francois County) and the next morning when he was located at his father's home in Flat River. Defendant's lawyers told the court that defendant had taken "dope of some sort" in St. Louis and did not remember anything until the next morning; that defendant took the dope because he was disturbed over a divorce suit against his wife who had taken their children out of the state; that from their investigation they were not convinced of defendant's guilt; that defendant had only told them "I don't know"; and that they hated to enter a plea of guilty in a case they were not sure of but did so because defendant did not know where he was and they could not find out. Upon entry of this plea, with the State making no recommendation, the court pronounced a sentence of death and defendant's counsel immediately asked leave to withdraw the plea of guilty. This was denied and a written motion to withdraw the plea was thereafter filed.

In the first place, the plea made by defendant's counsel was of an equivocal nature stating they hated to make it because defendant did not know where he was or what he did and that, after most thorough investigation, they were not sure of his guilt. Our Rule 25.04 provides: "If a defendant refuses to plead or pleads equivocally, or if the court refuses to accept a plea of guilty, * * * the court shall enter a plea of not guilty." One ground of the motion to withdraw the plea was based on facts showing the equivocal nature of the plea.

Second: Our Rule 25.04 (as does Federal Rule 11) provides: "The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge." This plea was accepted by the court without questioning, cautioning, or saying anything to the defendant or in any way asking if he assented to the plea. The only inquiry made by the court was to defendant's counsel, saying: "You have explained to the defendant the possibilities of punishment that can prevail. It can be death, it can be life imprisonment or less? Mr. McIlrath: That's right."

Concerning the same requirements of the federal rule, the United States Court of Appeals, Second Circuit, said: "Rule 11 of the Federal Rules of Criminal Procedure, 18 U.S.C. provides that the court 'shall not accept the plea [of guilty] without first determining that the plea is made voluntarily with understanding of the nature of the charge.' While such a determination does not require observance of a particular ritual, United States v. Davis, 7 Cir., 1954, 212 F.2d 264; United States v. Swaggerty, 7 Cir., 1955, 218 F.2d 875, the Rule clearly contemplates that there be something more than a perfunctory examination conducted by the prosecutor that does not serve to inform the judge of the extent of the prisoner's knowledge of the consequences of his choice of a guilty plea. A mere routine inquiry—the asking of several standard questions—will not suffice to discharge the duty of the trial court. It is the duty of a federal judge before accepting a plea of guilty to thoroughly investigate the circumstances

under which it is made." United States v. Lester, 247 F.2d 496, 499.

■ In the Davis case, 212 F.2d 1. c. 267, the court said: "We do not mean to say that a District Court must in every case follow a particular ritual in order to comply with Rule 11. A brief discussion with the defendant regarding the nature of the charges may normally be the simplest and most direct means of ascertaining the state of his knowledge. Or there may be other circumstances from which it is evident that the defendant has the requisite understanding. See Michener v. United States, 8 Cir., 181 F.2d 911, 918; United States v. Denniston, 2 Cir., 89 F.2d 696, 698, 110 A.L.R. 1296. Whatever the means employed, a fair compliance with the Supreme Court rule would insure that the defendant has the knowledge and understanding essential to a valid plea." Certainly in a case where the punishment may be death, the court should proceed with care, cautioning the defendant as to the gravity of his admission and making sure that he voluntarily and understandingly desires to enter a plea of guilty. See 14 Am.Jur. 951, Criminal Law, Sec. 271; see also 22 C.J.S. Criminal Law § 422(5), p. 1172; 4 Wharton's Criminal Procedure 767–769, Sec. 1900; 110 A.L.R. 228 Annotation. Of course, this does not mean that the court must tell the defendant, before his plea is entered, what sentence he intends to impose.

■ Third: At the hearing on defendant's motion to withdraw the plea, an offer of proof was made, which was in accordance with the allegations of the motion to withdraw the plea of guilty and was in part, as follows:

"We would further prove that for several weeks prior to the date this case was set for trial the Prosecuting Attorney's Office was insisting on recommending a sentence of life imprisonment if a plea of guilty were entered, and that the Defendant's attorneys refused to plead him guilty under such circumstances.

"We would further prove that several days prior to October the 13th, 1961, and the exact date we do not know, that the Assistant Prosecuting Attorney was in a conference in Judge Swink's chambers in Farmington, and there was present at that conference the Assistant Prosecuting Attorney Mr. Hyler, Judge Swink, Mr. Sonntag the Court Reporter, and other persons who we do not know, know their names, and at that time that Judge Swink advised Mr. Hyler that he thought this was a heinous crime and that if Mr. Williams entered a plea of guilty he might give him a death sentence. We will further prove that we had absolutely no knowledge of this conference or no knowledge that the Court might or was considering rendering a death sentence on a plea of guilty * * *." (At this hearing the Judge said: "No effort was made to confer with me about my ideas in the matter. I think you would have been informed as to what they were if I had been interviewed.") The offer of proof continued as follows: "We will show that about three days prior to October the 13th the Prosecuting Attorney and Assistant Prosecuting Attorney contacted Defendant's Attorneys in Farmington, Missouri in the courthouse and in the courtroom, and advised Defendant's attorney that they would allow Defendant to enter a plea without any recommendation, and that they would withdraw a charge under the Habitual Criminal Statute, and, it was only at that time that Defendant's attorneys considered entering a plea of guilty."

The record does show that while the State was saying its only recommendation would be life imprisonment, the charge against defendant was under the Habitual Criminal Statute (Sec. 556.280) but that, on the day the plea of guilty was entered and before it was made, the State filed a second amended information withdrawing the charge of a prior felony conviction; so that the charge against the defendant, when his plea of guilty was entered, was not a charge under the Habitual Criminal Statute. The court erroneously refused to hear any evidence on the motion.

We have said: "The guiding rules are that a plea of guilty is but a confession in open court. Like a confession out of court it should be received with caution. It should never be received unless it is freely and voluntarily made. If the defendant should be misled or be induced to plead guilty by fraud or mistake, by misapprehension, fear, persuasion, or the holding out of hopes which prove to be false or ill founded, he should be permitted to withdraw his plea. The law favors a trial on its merits." State v. Cochran, 332 Mo. 742, 60 S.W.2d 1, 2; see also State v. Hare, 331 Mo. 707, 56 S.W. 2d 141; State v. Harris, 336 Mo. 737, 81 S. W.2d 319; State v. Hovis, 353 Mo. 602, 183 S.W.2d 147; State v. Blatherwick, 238 Mo. App. 1005, 191 S.W.2d 1021. A leading Missouri case is State v. Stephens, 71 Mo. 535, 536, in which it is said: "Courts have always been accustomed to exercise a great degree of care in receiving pleas of guilty, in prosecutions for felonies, to see that the prisoner has not made his plea by being misled, or under misapprehension or the like." Thereafter in State v. Dale, 282 Mo. 663, 669, 222 S.W. 763, 764, this Court said: "It is immaterial whether the misleading was intentionally or unintentionally done. The material inquiry is: Was the defendant misled, or under a misapprehension, at the time he entered his plea of guilty?"

We conclude that misapprehension could reasonably result from the circumstances of the withdrawal of the charge against defendant under the Habitual Criminal Statute, which usually is intended to authorize more severe punishment, and the State's statement that their previously intended recommendation of a life sentence would not be made so that defendant could enter a plea without any recommendation from the prosecution. Of course, if the defendant's evidence had been heard, explanation by the State could also have been heard. While we do not believe that the court or the State intentionally misled defendant or his counsel, we do consider that this could be the result of what was done under the circumstances of this case.

Therefore, for all the reasons hereinabove discussed, we must hold that manifest injustice within the meaning of Rule 27.25 appears in this situation and defendant should be permitted to withdraw his plea of guilty and have a trial on the merits.

The judgment is reversed and the cause remanded.

All concur.