**STATE of Missouri, Respondent,**

v.

**George L. ARNOLD, Appellant.**

**No. 52525.**

Supreme Court of Missouri,
Division No. 1.

Oct. 9, 1967.

Thompson Mitchell, Douglas & Neill and Joseph P. Logan, St. Louis, for appellant.

Norman H. Anderson, Atty. Gen., Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Commissioner.

Appeal from order denying motion to withdraw guilty plea under Criminal Rule 27.25, V.A.M.R., considered as proceeding to vacate sentence under Criminal Rule 27.26, V.A.M.R. State v. Harris, Mo., 382 S.W.2d 642, 643.

By information filed September 24, 1965, Cause 1854–N was commenced, and it was charged that Morris Watson and George L. Arnold did feloniously and unlawfully and by means of deceit obtain a certain narcotic drug, Dilaudid tablets, by uttering, offering and passing as true and genuine a certain false prescription to Mack Gasaway, a druggist.

On September 29, 1965, appellant appeared in court in person and by his court-appointed attorney, Joseph Noskay (Public Defender), and entered a plea of not guilty.

On October 8, 1965, appellant appeared in person and with his retained counsel, Curtis C. Crawford.

"THE COURT: You are George Arnold? THE DEFENDANT: Yes, sir.

"THE COURT: In Cause number 1854–N, you have an announcement to make? MR. CRAWFORD: At this time, Your Honor, George Arnold will withdraw his former plea of not guilty and enter a plea of guilty and ask sentence be deferred to allow him to make an application for parole.

"THE COURT: What did he do? MR. HEINBECKER (Assistant Circuit Attorney): Your Honor, on the 9th of September, 1965, the defendant remained in a car while one Morris Watson entered the Gasaway Pharmacy with a false prescription, and according to the State's evidence, he was with this man trying to get the prescription filled. The State recommends three years in the Department of Corrections.

"THE COURT: You were there in the car, is that right, Mr. Arnold? THE DEFENDANT: Yes, sir.

"THE COURT: You picked up a prescription lying on the seat of the car and put it in your purse, the other man was in the drug store getting the prescription filled? THE DEFENDANT: Yes, sir. THE COURT: You said you didn't know anything about it, is that correct? THE DEFENDANT: Yes, sir.

"THE COURT: On your plea of guilty, and your admission in case number 1854–N, the Court hereby accepts your plea of guilty and on your admission of obtaining narcotic drugs by means of deceit by forgery, and on your plea of guilty and on your admis-

sion, defers sentence to the 23rd day of December, to permit you to make an application for parole."

On December 27, 1965, appellant appeared in person "and by his attorney, Joseph Noskay, standing in for Curtis C. Crawford, attorney for the defendant."

"THE COURT: What is the State recommending in this case? MR. KUNDER-ER (Assistant Circuit Attorney): Three years as charged, Your Honor.

"THE COURT: In cause number 1854–N you pleaded guilty to obtaining narcotics by means of deceit by forgery of a written order, is that correct? THE DEFENDANT: Yes, sir.

"THE COURT: On this day the Court hereby sentences you to three years in the Department of Corrections. Your parole is denied, jail time allowed."

On October 26, 1966, appellant filed his motion to set aside plea of guilty. The grounds for his motion are, in substance, (1) that the court erred in accepting his plea because there was no determination that it was made voluntarily and was in fact made equivocally; (2) that he was misled by the court in chambers in unreported matters relating to the sentence he might draw if a plea was entered; (3) that it was error to sentence him in the absence of his retained lawyer. The motion was denied November 14, 1966, and this appeal resulted.

The first charge is dispositive of this appeal and requires a reversal of the order denying the motion to vacate.

Criminal Rule 25.04, V.A.M.R., provides that the court "shall not accept (a plea of guilty) without first determining that the plea is made voluntarily with understanding of the nature of the charge. If a defendant * * * pleads equivocally, * * * the court shall enter a plea of not guilty;" and, under Criminal Rule 27.25, V.A.M.R., "to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to

withdraw his plea." Exercise of this latter provision is discretionary with the trial judge and the action of the judge should not be overthrown except for an abuse of that judicial discretion. State v. Parker, Mo., 413 S.W.2d 489, 493–494 [2–7]; State v. Skaggs, Mo., 248 S.W.2d 635, 636 [1]; State v. Reynolds, 355 Mo. 1013, 199 S.W.2d 399, 402 [1]; and see also State v. Hodges, Mo., 383 S.W.2d 551.

This case requires application of the exception. State v. Blaylock, Mo., 394 S.W.2d 364, involved the same judge, the same "stand-in" attorney, and nearly identical, yet more persuasive, proceedings. In that case the following transpired at the time the plea of guilty was entered:

" 'THE COURT: This is cause No. 1027–I one James Clifton Blaylock, Jr. is charged with Murder in the First Degree, and is represented by Mr. Joseph Noskay. You may proceed, Mr. Noskay.

" 'MR. NOSKAY: In this case the defendant withdraws his former plea of not guilty and enters a plea of guilty as charged.

" 'THE COURT: What did this man do, Mr. Draper?' Mr. Draper, Assistant Circuit Attorney, then gave the State's version of the facts of the case and made a recommendation of life imprisonment.

"All that thereafter occurred was as follows: 'THE COURT: You did do this, did you? THE DEFENDANT: Yes. THE COURT: In Cause No. 1027–I the Court hereby accepts your plea of guilty and your admission, James Clifton Blaylock, of Murder in the First Degree ond on your plea of guilty and your admission you are sentenced to life imprisonment.' " 394 S.W.2d 366.

This court reversed the denial of the motion to withdraw the guilty plea because "In this case, the transcript does not show any discussion with or inquiry of petitioner by the Judge except the one leading question after the recital of facts by the Assistant Circuit Attorney, namely: 'You did do this, did you?' Moreover, the transcript shows no inquiry at all by the Judge of Mr.

Noskay as to what information or explanation of the charge and the plea he entered had been given petitioner. * * * Our conclusion is that what appears in the transcript is not sufficient to show petitioner 'understood the consequences of his plea of guilty.'" 394 S.W.2d 367.

■ The transcript in this case is even more lacking in any showing that the court explained, or that appellant understood, the consequences of the plea or that appellant assented to it. There was no explanation of range of punishment; there was no determination whether counsel had explained the consequences. Even the circumstances related by the assistant circuit attorney do not compel a finding of appellant's guilt of the charge. The record shows further that in the court's own language, "he didn't know anything about" the commission of the alleged crime. This shows not only a lack of understanding of the proceedings and their consequence, necessary to a voluntary plea of guilty, but demonstrates also that the plea was, at best, equivocal. See State v. Williams, Mo., 361 S.W.2d 772.

State v. Blaylock, supra, quoted United States v. Davis, 7 Cir., 212 F.2d 264, 267, construing Federal Rule 11, similar to Missouri Rule 25.04, supra: "This rule is stated in mandatory language and the court is not relieved of the duty which it imposes solely because the accused, as here, is represented by counsel of his choice." See also State v. Macon, Mo., 403 S.W.2d 630, 632 [4, 5].

For these reasons, and without reaching appellant's other allegations, the order denying the motion to withdraw plea of guilty and to vacate sentence is reversed and the cause is remanded.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

. All of the Judges concur.