**Cleveland BURRELL, Jr., Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 54158.**

Supreme Court of Missouri, Division No. 1.

Jan. 11, 1971.

Thomas J. Downey, Jefferson City, for movant-appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Ass't. Atty. Gen., Jefferson City, for respondent.

**BARDGETT, Judge.**

Movant-appellant appeals from the order and judgment of the Circuit Court of Linn County denying appellant's motion to vacate judgment and sentence filed under Supreme Court Rule 27.26, V.A.M.R. The trial court held an evidentiary hearing and entered findings of fact and conclusions of law. One of the findings made by the trial court is that the plea of guilty entered by defendant was voluntary. The crucial issue in this court is whether under the evidence adduced at the 27.26 hearing the trial court's finding that defendant's plea of guilty was voluntary and *with under-* standing of the nature of the charge as required by S.Ct. Rule 25.04 is clearly erroneous.

Appellant is in the custody of the Missouri Department of Corrections serving a 30-year sentence imposed October 5, 1965, upon appellant's plea of guilty to the charge of rape contained in an amended information under § 559.270, RSMo 1969, V.A.M.S., entitled, "Rape-victim drugged-penalty".

On May 6, 1967, appellant filed a motion to withdraw his plea of guilty and to vacate judgment and sentence in the circuit court under S.Ct. Rules 27.25 and 27.26, and the court appointed counsel for appellant. On February 28, 1968, appellant filed a motion to vacate on the form suggested by S.Ct. Rule 27.26, as amended. The evidentiary hearing on these pending motions was held April 2, 1968, and the circuit court entered its findings, order and judgment, denying relief on April 15, 1968. No notice of appeal was filed from this judgment. On August 14, 1968, appellant filed another 27.26 motion in Linn County Circuit Court which was overruled without hearing on August 14, 1968, on the grounds that a similar motion had been filed, heard and overruled. Thereafter, this court granted appellant leave to file a late notice of appeal under Rule 28.07 from the order and judgment of the Circuit Court of Linn County of April 15, 1968.

No transcript of the proceedings at the time of the plea of guilty on October 5, 1965, is available. The trial court was and this court is therefore restricted to the testimony given at the evidentiary hearing held April 2, 1968, for the evidence of what took place at the time of the plea of guilty, judgment and sentence, two and one-half years earlier. At the outset we note that, notwithstanding the unavailability of a transcript of the record of the proceedings on the plea of guilty, it is still the appellant's burden to establish grounds for relief by a preponderance of the evidence. S.Ct. Rule 27.26, V.A.M.R.; State v. Da-

vis, Mo., 438 S.W.2d 232, 235; State v. Keeble, Mo., 427 S.W.2d 404, 409; State v. Rose, Mo., 440 S.W.2d 441, 443.

On September 9, 1965, appellant was arrested on a warrant issued on a complaint before the magistrate judge asserting appellant had committed the offense of forcible rape on September 7, 1965. Appellant failed to make bond and was held in jail. Appellant appeared in magistrate court on September 30, 1965, without a lawyer and waived preliminary hearing. An information charging appellant with the crime of forcible rape, which carries a penalty of death or imprisonment of not less than two years, was filed in circuit court. Sec. 559.-260, RSMo 1969. On October 4, 1965, appellant appeared in circuit court and the court appointed trial counsel for appellant. Appellant's attorney informed him that he was charged with forcible rape, that the maximum penalty was death and appellant clearly understood this. Appellant repeatedly insisted to his appointed attorney that he was not guilty of rape and would not "plead guilty to no rape charge." Appellant's attorney testified that he then spoke to the prosecutor in an effort to get the charge reduced. On that same day an amended information, to which appellant subsequently pleaded guilty, was filed alleging an offense under § 559.270, RSMo 1969, V.A.M.S. The amended information charged:

> "* * * that Cleveland Burrell did on the 7th day of September, 1965, at the County of Linn and State of Missouri, willfully, unlawfully and feloniously have carnal knowledge of a woman, to wit, one Cora Alice McGee, who was then and there above the age of 14 years, without her consent by administering to her intoxicating liquor which did produce such stupor as to prevent effectual resistance, * * *"

At the evidentiary hearing on appellant's motion, appellant's testimony was that he continually denied to the sheriff and to his attorney that he was guilty of rape; that after the charge was changed he still told

his attorney that, "I'm not going to plead guilty to no rape charge"; that his attorney said, "Well, you're not pleading guilty to no rape charge * * * It's something like rape—but there is not actually no forcible rape". Appellant and his attorney then appeared in court. Appellant's account of the proceedings on his plea of guilty is that the judge asked him how he pleads, that appellant's attorney said "Guilty"; that he looked at appellant and asked if that was correct and appellant said "Yes". That is all the record shows as to what took place at the plea proceedings.

Appellant's appointed counsel, who is a well-respected and competent lawyer, testified that he was appointed to represent appellant on October 4, 1965, and that he consulted with appellant on that same day; that appellant claimed he was not guilty of forcible rape and would not plead guilty to it. The attorney spoke to the prosecutor and the amended information was filed. The attorney believed he read the statute —§ 559.270—to appellant and thought appellant understood the second information.

Although the trial judge mentioned that he customarily asks the prosecutor and defense counsel to make a statement at pleas of guilty, there is no evidence of any statement by either in this case, except the court's notes with reference to prior difficulties the appellant was involved in.

During the course of appellant's testimony, the following appears:

"Q Let me ask you this, Mr. Burrell, and I think I have asked it to you before; did you understand that you were pleading guilty to a rape charge when you entered your plea?

"A No, not exactly. I didn't understand that it was still a rape charge.

"Q Well, what did you think it was, contributing to the delinquency of a minor, or burglary, or larceny, or what kind of a charge did you think it was?

"A Beyond all shadows of doubt, this was my impression. It was something like this but by me being ignorant to the law I didn't know for sure.

"Q Well, tell me again, what did you think you were entering a plea to?

"A Well, to be truthful the way that I feel that I was entering a plea was to be to a charge that wasn't what you would call rape.

"Q All right; now, you don't call it rape what did you think you were pleading guilty to?

"A From the way it was told to me and explained to me it was distributing liquor to a minor who then and there above the age of 14 in order to have carnal knowledge of her, sex relationship with her.

"THE COURT: Isn't that what the charge is in the information? What is it?

"MR. ALLEN: That is the charge, isn't it?

"MR. PORTER: The charge is not rape.

"THE COURT: No, the charge is what he just now stated, giving liquor to a minor or a person liquor in order to have sexual relations with her, carnal knowledge, isn't that what the charge was?

"MR. PORTER: The minority has nothing to do with it.

"THE COURT: No.

"So that's what he has stated, thought he stated here is what is in the information that he did plead guilty to.

"MR. PORTER: That is correct."

■ The principal question the circuit court had to resolve on the 27.26 hearing was whether appellant's plea was voluntary and, in the context of this case, whether the defendant understood that the nature of the charge in the amended information was rape. The circuit court at the 27.26 hearing was at a disadvantage, as are we, by reason of the absence of a transcript of the proceedings at the time of the plea.

Criminal Rule 25.04, V.A.M.R., provides that the court "shall not accept the plea [of guilty] without first determining that the plea is made voluntarily with understanding of the nature of the charge." Criminal Rule 27.25 provides that "to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

The amended information charges an offense under § 559.270 and the range of punishment is from five years to life imprisonment. The offense in the language of the statute is rape although the word "rape" appears nowhere in the amended information. While we neither indicate nor hold that the amended information was defective for failing to use the word "rape", the absence of the word "rape" is a factor that may be considered in the circumstances of this case in determining whether appellant understood the nature of the charge at the time he entered his guilty plea. This is so because of the claim by appellant that he did not understand the charge was rape.

The colloquy between defendant, his attorney, the prosecutor, and the court reveals that all seemed in agreement that they believed the charge against defendant was not rape. Notably, the prosecutor said, "The charge is not rape", and the court seemed to agree by saying, "No, the charge is what he just now stated, giving liquor to a minor or a person liquor in order to have sexual relations with her, carnal knowledge".

However, the defendant by the amended information *was* charged with a violation of § 559.270, which is a charge of rape, and there is no question but that the court, on appellant's plea of guilty, found him guilty of rape.

In order to convict a person of the charge of rape under § 559.270, substantially more is required than giving liquor to a person in order to have sexual relations with her. The statute itself requires that the sexual intercourse be without her consent and the administration of the liquor must have been such as to produce "such stupor * * * as to prevent effectual resistance * * *."

Thus, if at the time the guilty plea was entered defendant understood that he was charged only with the act of giving liquor to a person in order to have intercourse with her, then he would not have understood the charge of rape as contained in the amended information.

This confusion is certainly one of the principal difficulties Criminal Rule 25.04 seeks to avoid. In State v. Blaylock, Mo., 394 S.W.2d 364, and in State v. Arnold, Mo., 419 S.W.2d 59, this court held that the trial court abused its discretion in failing to permit the withdrawal of pleas of guilty on records reflecting that the court at least informed the defendants of the crimes with which they were charged and put a question to defendants, "You did do this did you?" to which they replied "yes". Additionally, in Blaylock and Arnold, supra, there were at least some statements made in open court at the time of the plea as to what acts the defendants were accused of doing.

In the instant case according to the transcript of the 27.26 hearing the court made no inquiry of defendant other than that mentioned supra. The appellant was not informed by the court as to the nature of the charge and no facts were stated to the court by the prosecutor or anyone else.[1] We do not say that no inquiry at all was made of appellant at the plea, however, our knowledge as to what did take place is necessarily restricted to the evidence adduced at the 27.26 hearing and that record is totally lacking of evidence of compliance with Rule 25.04 at the time of the plea.

In State v. Williams, Mo., 361 S.W.2d 772, the defendant moved to withdraw a plea of guilty he had entered to an amended information charging defendant with forcible rape and upon which he was sentenced to death. The trial court denied the motion and this court reversed and remanded holding that Williams should be permitted to withdraw his plea. In so doing this court said that a plea of guilty is like a confession; it should be received with caution and never received unless freely and voluntarily made. The court noted that, loc. cit. 775, " * * * 'If the defendant should be misled or be induced to plead guilty by * * * mistake, * * * he should be permitted to withdraw his plea. The law favors a trial on its merits.' [Citing cases] * * * 'It is immaterial whether the misleading was in-

---

1. The statement of facts in appellant's brief was apparently taken from appellant's motions rather than from the *evidence*, as there is no *evidence* to support the statement. However, respondent's brief indicates the appellant's statement is correct and there is no counter statement by respondent as to the facts of this alleged offense nor was any evidence of the facts of the offense offered by the state (respondent). Appellant's statement of facts is that one James Johnson and Alice McGee, both white, came to Marceline from Illinois in Johnson's car. Appellant, a negro, was with them in Johnson's car on the night of September 7, 1965, and the three young people had been driving around drinking liquor. At about midnight they were parked on a dirt road in a rural area near Marceline talking and drinking. A man and his wife passed by in a car and stopped. The man got out of his car with a shotgun and asked the three people what they were doing. Upon noticing the biracial character of the group, the man said to appellant, "black nigger what are you doing with this white boy and girl with you?" and started to appellant's side of the car. Appellant jumped out and ran. The man yelled, "you better run or I will kill you." Appellant kept running and was arrested September 9, 1965, in Brookfield. We cannot and do not undertake to determine whether these facts are true or false nor do we indicate any view as to the guilt or innocence of the appellant.

tentionally or unintentionally done. The material inquiry is: Was the defendant misled, or under a misapprehension, at the time he entered his plea of guilty?' "

Thus the trial court's inquiry ultimately, in this post-conviction motion, is not whether Criminal Rule 25.04 was complied with, but whether the plea of guilty was voluntarily made with an understanding of the charge. This determination must be made on the basis of the evidence, State v. Keeble, Mo., 427 S.W.2d 404, 409, and relief granted only to correct manifest injustice. S.Ct. Rule 27.26, V.A.M.R. The credibility of the witness is for the trial court to resolve and the trial court's findings, conclusions and judgment are presumptively correct. Meller v. State, Mo., 438 S.W.2d 187. Our review is limited to a determination of whether the trial court's judgment is clearly erroneous under the evidence. Crosswhite v. State, Mo., 426 S.W.2d 67, 70.

On the record in this case, the trial court's finding that the plea of guilty was entered voluntarily and with an understanding of the charge is completely at odds with the understanding expressed by the prosecutor during the hearing that, "The charge is not rape", and the response by the court previously set out in this opinion indicating agreement that the charge was not rape. We believe that this unusual but candid colloquy clearly demonstrated that defendant did not understand he was pleading guilty to rape, and we hold the trial court's finding on this issue was clearly erroneous.

We do not believe that the court or counsel intentionally misled appellant in any respect, but rather the misunderstanding was accidental but understandable. Nevertheless, the failure to understand the charge was a fact and therefore we hold that manifest injustice within the meaning of S.Ct. Rule 27.25, V.A.M.R., appears in this situation and defendant-appellant

should be permitted to withdraw his plea of guilty and have a trial on the merits.

The judgment is reversed and the cause remanded.

All of the Judges concur.