Raymond CARTER, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 56552.

Supreme Court of Missouri,
Division No. 1.

Nov. 8, 1971.

Keathley & Little, Poplar Bluff, for movant-appellant.

John C. Danforth, Atty. Gen., Thomas H. Stahl, Special Asst. Atty. Gen., Jefferson City, for respondent.

HOLMAN, Presiding Judge.

Movant (hereinafter referred to as defendant) has appealed from an order of the circuit court, made after an evidentiary hearing, overruling his motion to vacate filed pursuant to S.Ct. Rule 27.26, V.A.M. R. Although not mentioned in defendant's motion, Rule 27.25 is also involved as the true relief he seeks is to withdraw his plea of guilty. That rule provides that "to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

Upon this appeal defendant contends that the court erred in overruling his motion because his plea of guilty was not voluntary since "the evidence showed that the court accepted appellant's plea of guilty without first determining that appellant understood the nature of the charge and the consequences of a plea of guilty and without first advising appellant of the range of possible punishment, and without first advising appellant of his right to a jury trial or his right to remain silent and avoid self-incrimination, or his right to confront his accusers, all at a time when there was no evidence that his court-appointed attorney had so advised him nor other evidence that appellant was aware of these matters."

At the time defendant entered his plea of guilty (Oct. 6, 1969) the court first read him the information and then the following occurred: "The Court: Mr. Carter, do you understand the charge as read to you? Mr. Carter: Yes, sir. The Court: Do you have any question about that charge? Mr. Carter: No. The Court: What plea do you enter to the charge as read, guilty or not guilty? Mr. Carter: Guilty. The Court: Do you have a statement to make, Mr. Batson [prosecuting attorney]? Mr. Batson: Yes, your Honor. On or about the 20th of August, 1969, the information that I have in my file indicates that this defendant was riding around drinking with another boy or two and then later in the evening he went to the prosecuting witness' home and tore a screen off a window and crawled in through the window and picked up a board and hit the prosecuting witness trying to knock her out and wasn't successful but he went ahead and in her semi-conscious condition raped her and had actual carnal knowledge of this woman.

The State would recommend ten years in the State Department of Corrections. The Court: Do you have a statement, Mr. Little [attorney for defendant]? Mr. Little: Only this, your Honor, in view of the boy's age and the fact that he was drinking on this occasion, we would join in the request that he not serve any more than ten years in this case. * * * The Court: Is what these gentlemen told the Court true, is that true? Mr. Carter: Yes, sir. * * * The Court: Has anybody made any promises to you at all to get you to plead guilty? Mr. Carter: No." The court then sentenced defendant to imprisonment for a term of ten years.

At the evidentiary hearing defendant testified that he had an eighth grade education but did not understand the nature of the charge against him nor what he was doing when he entered his plea of guilty; that he was not aware of the range of punishment for the offense and was not advised of his right to remain silent; that one of the deputy sheriffs told him that he could get 60 or 70 years' imprisonment; that when he pleaded guilty he "just didn't know what [he] was doing." On cross-examination defendant admitted that he knew he was charged with forcible rape and knew that that meant having sexual intercourse with a woman by force and against her will. He also admitted that he had signed an exhibit which contained warnings as to his rights. He further admitted that at the time he entered his plea of guilty he understood that he could receive at least ten years' imprisonment. When defendant was asked whether his attorney had told him the range of punishment and discussed with him the recommendation of the prosecuting attorney if he pleaded guilty, he replied that he didn't remember. When asked why he pleaded guilty when he was afraid he might get 60 or 70 years, he answered, "I don't know, maybe I thought that if I would come down here and cop out I might get less." Defendant testified that he had been coerced into

making a confession but that point is not raised on this appeal and that evidence will be omitted.

The State presented two officers as witnesses, one of which testified that defendant was given his "rights warning" immediately after he was arrested, and the other that such warning was given to him again before the written confession was taken.

At the conclusion of the hearing the trial court, with two exceptions, found all the issues against defendant including a specific finding that the plea was entered voluntarily and with an understanding of the nature of the charge. The trial judge found, however, that he did not advise defendant as to the range of punishment or that he was entitled to a jury trial. The court indicated a view that any lawyer for a defendant in a case of this nature would tell his client that he was entitled to a jury trial and that any defendant with an eighth grade education would know of that right.

At the outset of our consideration of this appeal it should be stated that the burden of proving the grounds for relief is upon the defendant and that upon appeal our review is "limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous." S.Ct. Rule 27.26(j). Also here involved is Rule 25.04 which provides that the court "shall not accept the plea [of guilty] without first determining that the plea is made voluntarily with understanding of the nature of the charge."

■ There is substantial evidence to support the trial court's finding that defendant entered his plea of guilty voluntarily with an understanding of the nature of the charge and the consequences of such a plea. Defendant admitted that he knew the nature of the charge and knew that as a consequence of his plea of guilty he could receive a punishment of at least 10 years' imprisonment and might receive 60

or 70 years. We think it is a fair inference from what the attorneys said at the time that there was a prior understanding that the prosecuting attorney would recommend a 10-year sentence, and, as we have seen, the court followed that recommendation. The only point remaining, of any significance, is that the court did not advise defendant of his right to a jury trial and thus to confront his accusers. Defendant relies solely on the fact that the trial court did not advise him of that right. Nothing in the record indicates what defendant's counsel had advised him in that regard or whether defendant had knowledge of that right from some other source.

We have concluded that defendant has not met his burden of proof under Rule 27.26(f) by merely showing that the court did not advise him of his right to a trial by jury. Among other things, we think it is significant that defendant failed to testify that he did not know of his right to a trial by jury.

■ After considering the entire record we are not left with the definite and firm conviction that a mistake has occurred, Crosswhite v. State, Mo.Sup., 426 S.W.2d 67, and hence we do not conclude that the findings, conclusions, and judgment of the trial court are clearly erroneous. Moreover, since defendant admitted the facts of the crime in open court, was not misled, and knew he was going to receive a substantial prison sentence, we see no necessity of permitting him to withdraw his plea of guilty in order "to correct manifest injustice," as permitted by Rule 27.25.

The decisions of this court relied on by defendant are all distinguishable. In State v. Williams, Mo.Sup., 361 S.W.2d 772, State v. Arnold, Mo.Sup., 419 S.W.2d 59, State v. Blaylock, Mo.Sup., 394 S.W.2d 364, and State v. Roach, Mo.Sup., 447 S.W.2d 553, the plea of guilty was either equivocal or there was evidence that the defendant had been misled. Also, we do

not consider that the cited case of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, adds anything to the requirements of our Rule 25.04.

For the reasons indicated the judgment is affirmed.

FINCH, Alternate Judge, concurs in result.

SEILER, J., dubitante.

BARDGETT, J., not sitting.