**STATE of Missouri, Respondent,**

v.

**Samuel Norbert REESE, Appellant.**

**No. 56505.**

Supreme Court of Missouri,
En Banc.

June 14, 1972.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

M. E. Stokes, St. Louis, for appellant.

SEILER, Judge.

In 1955, defendant pleaded guilty to two charges of first degree murder and one charge of armed robbery. In State v. Reese (Mo.Sup. banc) 457 S.W.2d 713,

an appeal from the action of the trial court in overruling a motion to vacate under rule 27.26, V.A.M.R., this court held that in *all three pleas* there was "a total lack of any attempt at compliance with our rules", in that despite defendant's known low level intelligence, the severity of the sentences that could be imposed, and the possibility the sentences could run consecutively, there was nothing done by the trial court to determine the pleas were voluntarily made with understanding of the nature of the charge, as required by rule 25.04.[1]

We reversed the judgment and ordered defendant be permitted to withdraw two of his pleas and have a trial on the merits on one of the murder charges and in the armed robbery charge. This was in accord with our long-standing rule reiterated in the Reese opinion, supra, 457 S.W. 2d l. c. 717, that a guilty plea should not be received unless it is made voluntarily and understandingly. Then, however, contrary to what we have done in past cases where there has been a defective plea, we withheld judgment as to withdrawal on the plea in the other murder charge, involving the death of one George Zagib, pending a further evidentiary hearing, the court expressing the view that if defendant could not explain an admission contained in a letter written to Judge Aronson by defendant from the penitentiary in 1968 that he was a principal in the George Zagib death and a reference to "the one man I have killed", no manifest injustice under rule 27.25 could possibly result from denial of permission to withdraw the plea "regardless of any errors the trial court may have made."[2]

In the evidentiary hearing, it turned out the letter, state's exhibit 1, which had been returned to Judge Aronson, who died in the meantime, had been lost, without fault of either side, and no one could find a copy. Defendant did not testify. He had testified at length in the original 27.26 hearing. In that hearing the state took the position he must maintain his innocence in order to withdraw his plea and, over objection, was permitted to cross-examine him as to whether or not he participated in the crimes charged. He denied shooting Mr. Zagib or participating in his robbery. He was then cross-examined on the admissions appearing in the letter, as set forth in State v. Reese, supra, 457 S.W.2d 1. c. 716–717. Defendant then offered the letter in its entirety, but it was excluded on the objection of the state that it contained hearsay and was self-serving. The position of defendant's counsel at the second hearing and as stated here on oral argument was that his analysis of the cases on post conviction motions to vacate sentences or withdraw guilty pleas had convinced him that the testimony of a defendant alone, in a 27.26 hearing or supplementary hearing, is not sufficient to obtain relief, and in view of the fact the letter in which the court was interested could not be found, he did not believe further testimony from defendant would be helpful to him. So there was no evidence presented at the second hearing.

The trial court thereupon overruled the motion to withdraw the plea in the Zagib case, holding that when the 1968 letter was written, defendant was a reasonably intelligent individual and his admissions should be believed in absence of exculpation appearing in the letter or otherwise, and hence there was no manifest injustice in not allowing withdrawal of the plea under rule 27.25, regardless of any error of the trial court in originally accepting the plea.

The present appeal followed.

---

1. The pertinent portions of rule 25.04 provide: ". . . The court . . . shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge . . ."

2. The pertinent portions of rule 27.25 provide: ". . . but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

We have concluded we were following a false issue in our earlier opinion when, after having found all three pleas were improperly accepted, for the reasons set forth in the opinion, we withheld action on the withdrawal of the third plea pending defendant's explanation of the statements contained in the 1968 letter. Those statements, of course, would be admissible against defendant in a subsequent trial on the merits, but inquiry into a defendant's guilt or innocence, where a guilty plea has been accepted which is not understandingly and knowingly made, has not heretofore been considered a pertinent or necessary inquiry on a motion to withdraw the plea.

There are many reported decisions in Missouri where attempts have been made to withdraw guilty pleas after sentence. The courts have consistently granted relief, without inquiry as to whether defendant is in fact innocent or guilty, where the facts have shown that the plea was not entered voluntarily and with understanding of the nature of the charge. See, for example, State v. Williams (Mo.Sup. banc) 361 S.W.2d 772; State v. Blaylock (Mo. Sup.) 394 S.W.2d 364; State v. Arnold (Mo.Sup.) 419 S.W.2d 59; State v. Smith (Mo.Sup.) 421 S.W.2d 501; State v. Edmondson (Mo.Sup.) 438 S.W.2d 237; State v. Rose (Mo.Sup.) 440 S.W.2d 441; Burrell v. State (Mo.Sup.) 461 S.W.2d 738; Doepke v. State (Mo.Sup) 465 S.W.2d 507. In most of these cases it has been apparent defendant had no defense or was in all probability guilty.[3]

These cases have not elaborated on the fundamentals behind our willingness to let a defendant withdraw his plea where it has not been made voluntarily and understandingly, but in that circumstance, as used in rule 27.25, "manifest injustice", or its absence, should not be equated with ultimate innocence or guilt and withdrawal permitted or denied on what we speculate the true facts are in this regard, with no trial on the merits. This becomes apparent when we stop to consider that any and all defendants, regardless of guilt or innocence, are guaranteed a jury trial and are entitled to the benefit of the presumption of innocence. See discussion in Bellew v. Swenson (Mo.Sup.) 459 S.W.2d 351, 355.

These two safeguards are among the most primal and elemental of any we have. "The right to have a trial by jury is a fundamental right in our democratic system, and is recognized as such in the Magna Carta, the Declaration of Independence, the Federal Constitution, and the constitutions of the various states", 47 Am.Jur.2d, Jury, Sec. 7. It is guaranteed as to criminal trials in Missouri by Art. I, Sec. 18(a) and 22(a) of the 1945 Constitution, V.A.M.S.

In State v. Barton, 361 Mo. 780, 236 S.W.2d 596, 602, this court, en banc, said of ". . . the presumption of the innocence of every person charged with crime. This is no mere procedural presumption. It is substantive, basic; there is no exception. We give great voice to its guaranty . . ."

■ A guilty plea is a waiver or relinquishment of these protections and if the plea is invalid because it is not knowingly and understandingly made, as we held in the first appeal is true in all three pleas in this case, then it deprives the defendant of safeguards which are rightfully and properly his, no matter whether he is in fact innocent or guilty of the crime charged. This deprivation by means of a defective plea is itself manifest injustice, and one so deprived is entitled to

---

3. It is somewhat the same logic as we apply when the voluntary character of a confession is challenged. We do not require the defendant to prove or even allege that the confession is untrue or that he is not guilty. The question is whether the confession is voluntary, and if it is involuntary, it is not admissible against him. State v. Hunter (Mo.Sup.) 456 S.W.2d 314; Rogers v. Richmond, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760.

have his guilty plea set aside and receive a trial on the merits, which is the appointed and appropriate place to arrive at a determination of guilt or innocence, Bellew v. Swenson, supra. The law does not provide one method of trying innocent persons and another for trying guilty persons.[4]

■ Where the trial court complies with rule 25.04 and does not accept the guilty plea until it is first determined the plea is made voluntarily and with understanding of the nature of the charge, then, of course, there can be no manifest injustice of the sort here involved, because the giving up by defendant of the right to a jury trial, the presumption of innocence, confrontation of witnesses, and privilege against compulsory self incrimination—all concomitants of pleading guilty—is done voluntarily and knowingly.

Rules 25.04 and 27.25 were adopted effective January 1, 1953 as part of the original criminal rules of this court. They have remained unchanged and were intended to complement each other, not conflict, as would result if a defendant's application to withdraw his plea is to be judged solely on the basis that relief under rule 27.25 turns on his guilt or innocence, without regard to whether the plea was in fact made voluntarily and understandingly. In addition, the ramifications of examining guilt or innocence in post conviction proceedings would be far-reaching and could convert every post conviction hearing into a trial on the mer-

its, because if the state can defeat the proceeding by proving the defendant is guilty, fairness would dictate the defendant be permitted to prove he is not guilty.

We have earlier mentioned cases where we have permitted withdrawal of pleas where not made voluntarily and understandingly. On the other hand, where the plea has been entered voluntarily and understandingly—that is, in compliance with rule 25.04—in almost every instance, relief has been denied.[5] See the numerous cases cited under ■ Criminal Law, West's Missouri Digest. This, however, is not the case before us.

As can be seen from examination of articles published at or near the time the rules of criminal procedure were adopted by this court after the proposed draft was submitted by the court's Advisory Committee of Criminal Practice and Procedure to the bar of the state, rule 27.25 with its "to correct manifest injustice" language was taken from the federal criminal rule 32(d). In a leading federal case on the subject, the United States Supreme Court has held that where an application is made to vacate a guilty plea unfairly obtained, ". . . Such an application does not involve any question of guilt or innocence . . .", Kercheval v. United States, 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009.

This is also the view of the federal Eighth Circuit. "The issue of the defendant's guilt or innocence is not involved in an application for leave to withdraw a

---

4. This is not to say that the fact the record at the time of the guilty plea is insufficient means the guilty plea must ipso facto be set aside. We have held in numerous cases that if in fact there is shown to have been a sufficient compliance with rule 25.04, then there is no manifest injustice. Flood v. State (Mo.Sup) 476 S.W.2d 529; Drew v. State (Mo.Sup.) 436 S.W.2d 727; State v. Sayre (Mo. Sup.) 420 S.W.2d 303; State v. Mountjoy (Mo.Sup.) 420 S.W.2d 316. A deficiency in complying with rule 25.04 does not require the plea be set aside unless it is established by the preponder-

ance of the evidence that it was in fact entered involuntarily or without understanding. State v. Mountjoy, supra, l. c. 324.

5. The United States Supreme Court has held it is constitutional to accept a guilty plea which is made voluntarily, knowingly and understandingly, even though defendant at the same time protests his innocence, North Carolina. v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162. This further demonstrates that the key issue is whether the plea is voluntarily and understandingly made.

plea of guilty . . . Upon such an application a trial court is not required to try the issue of guilt or innocence. The issue for determination is whether the plea of guilty was voluntarily, advisedly, intentionally and understandingly entered or whether it was, at the time of its entry, attributable to force, fraud, fear, ignorance, inadvertence or mistake such as would justify the court in concluding that it ought not to be permitted to stand . . ." Friedman v. United States (CCA 8) 200 F.2d 690, 696, cert. den. 345 U.S. 926, 73 S.Ct. 784, 97 L.Ed. 1357.

In Bergen v. United States (CCA 8) 145 F.2d 181, 187, the same court said: ". . . The withdrawal should not be denied where a proper showing for its allowance is made, merely because the defendant on a trial might or probably would be found guilty . . ."

Accord: Heideman v. United States (CCA 8) 281 F.2d 805.

It is also worth noting that the Standards Relating to Pleas of Guilty as adopted by the American Bar Association, following recommendation of its special committee chaired by Judge J. Edward Lumbard of the federal Second Circuit and its advisory committee chaired by Judge Walter V. Schaefer of the Supreme Court of Illinois provide in Part II, Withdrawal of the Plea, 2.1(a) (iii), "The defendant may move for withdrawal of the plea without alleging that he is innocent of the charge to which the plea has been entered."

Furthermore, rule 27.26, by its terms, includes all relief heretofore available by habeas corpus, and in State v. Thompson (Mo.Sup. banc) 324 S.W.2d 133, 135, in discussing rule 27.26, the court said: ". . . The attack is governed by the general principles applicable to a habeas corpus proceeding within the grounds specified . . . The guilt or innocence of the prisoner cannot be considered on habeas corpus or its counterpart a motion under Rule 27.26, but only the legality of his restraint . . ."

Judge Henry J. Friendly, of the federal Second Circuit, who advocates collateral attack on criminal convictions on constitutional grounds should not be permitted unless supplemented with "a colorable claim of innocence", agrees there are several important exceptions to what he advocates, one exception being where a plea of guilty has been obtained by improper means. In this area he agrees " . . . collateral attack is readily justified irrespective of any question of innocence . . ." 38 U.Chi.L.Rev. 142, 152.

We therefore conclude that in view of the earlier determination that the guilty plea in the third case—474-D, State v. Reese, involving death of George Zagib— was not made knowingly and understandingly in accordance with rule 25.04, defendant should be allowed to withdraw his plea in that case and to have a trial upon the merits where the question of his guilt or innocence can be resolved by trial in the usual way. The judgment of the trial court is therefore reversed and the cause remanded for further proceedings consistent herewith. To the extent that State v. Reese (Mo.Sup. banc) 457 S.W.2d 713, is inconsistent with the views here set forth, it is overruled and should no longer be followed.

FINCH, C. J., and MORGAN, J., concur.

BARDGETT, J., concurs in separate concurring opinion filed.

HENLEY, J., dissents in separate dissenting opinion filed.

HOLMAN, J., dissents in separate dissenting opinion filed and concurs in separate dissenting opinion of HENLEY, J.

DONNELLY, J., dissents and concurs in separate dissenting opinions of HENLEY, J., and HOLMAN, J.

BARDGETT, Judge (concurring).

In State v. Reese, Mo.Banc., 457 S.W.2d 713, this court in an exhaustive opinion by

Robert G. Brady, Special Judge, held that at the time the trial court accepted three pleas of guilty from Reese there was a total lack of any attempt at compliance with the rules relative to the acceptance of guilty pleas in that the trial court made no effort to ascertain the voluntariness of defendant's plea and his understanding of the nature of the charges and the pleas were not voluntarily entered. For a full exposition of the basis for this holding, see State v. Reese, supra, loc. cit. 717–718–719. This holding compelled the conclusion that defendant be permitted to withdraw two of the three pleas of guilty. The basis for remanding the cause relative to the third plea of guilty was to receive into evidence the full body of a letter that was written by Reese to the judge who took the pleas of guilty. The purpose of that remand, however, was to determine whether or not the letter constituted a confession by defendant to the third offense. Thus the question of guilt or innocence was made the determinative basis upon which the question of whether or not Reese would be permitted to withdraw the plea would hinge. This type of remand should not have been ordered as it is contrary to this court's holding in State v. Thompson, Mo.Banc., 324 S.W.2d 133 (1959), where this court, speaking through the late Judge Storckman, said, "The guilt or innocence of the prisoner cannot be considered on habeas corpus or its counterpart a motion under Rule 27.26, but only the legality of his restraint." This concept has been adhered to over the years by this and other courts. To vary from it would permit a convicted defendant to relitigate the entire question of guilt or innocence in collateral proceedings and would open the door to rule 27.26 proceedings being instituted by persons whose convictions have become final purely on the contention that the person was not guilty even though found guilty by a judge or jury and even though the conviction was affirmed on appeal. It is my view that litigation must come to an end at some point and that to permit the state to defeat a post-conviction relief proceeding upon a finding therein

that the defendant was in fact guilty would require that the defendant be permitted to win a post-conviction relief proceeding upon a finding therein that he was not guilty. Neither habeas corpus nor its counterpart, rule 27.26, was ever intended to serve this purpose.

Nothing occurred on remand to vary the previous decision that all three pleas were not voluntarily entered. That is the law of this case and in my view must be followed at this time. The writer did not participate in the decision in State v. Reese, 457 S.W.2d 713, because not a member of this court at the time that cause was submitted. However, as stated, the law of the case was set forth by this court in State v. Reese, supra, and must be adhered to at this time. The determination made by the court therein was that the three pleas were not voluntarily entered. That is still the case. For this reason I concur in the principal opinion.

HOLMAN, Judge (dissenting).

I respectfully dissent. In doing so I want to state unequivocally that I am in accord with the view that ordinarily the question of guilt or innocence should not be an issue in a proceeding under Rule 27.25 or 27.26. However, in this case, we have the unusual situation where the defendant (movant) voluntarily wrote a letter to the trial judge in which he admitted killing Mr. Zagib. In his testimony at the hearing of the original motion to vacate he confirmed that he had made that admission. Therefore, in this unusual situation, I have the view that it cannot be considered "manifest injustice" to deny defendant's motion to vacate the judgment or withdraw his plea of guilty in the case where he has admitted his guilt in the manner heretofore set out.

I would affirm the trial court's order and judgment which overruled the motion.

HENLEY, Judge (dissenting).

The court remanded this case to the trial court for the purpose, among others, of

holding another evidentiary hearing relative to defendant's plea of guilty in 1955 to the charge of first degree murder of George Zagib and for a determination of whether defendant was telling the truth when he wrote a letter in 1968 admitting this killing to the late Judge Aronson or when he denied the statements made in that letter at the hearing of his 27.26 motion.[1]

When the case reached the trial court on remand, it was assigned to the Honorable Harry M. James, the same judge who had heard the 27.26 motion. Defendant appeared in person and with counsel, but he declined to present any evidence relative to the purpose for which the case had been remanded.

The trial court found that when the 1968 letter was written, defendant was a reasonably intelligent person and that his admissions that he had killed George Zagib should be believed, in the absence of exculpatory statements in the letter or otherwise. Following the reasoning of our earlier decision, the trial court concluded that no manifest injustice resulted from acceptance of defendant's plea of guilty to this charge and for that reason the conviction should not be set aside nor movant permitted to withdraw his plea. With this, the court again overruled the motion and the appeal was perfected.

In this state of the record, I hardly see how we can hold that those findings, conclusions and judgment of the trial court are clearly erroneous. We cannot, unless we conclude that the basic premise of our decision in the earlier case was erroneous.

I cannot agree that our decision in that case was based on a false premise and, obviously, I cannot agree with today's decision that " * * * we were following a false issue in our earlier opinion * * *." I respectfully submit that the principal opinion has, so it appears to me, twisted the reasoning of the earlier opinion out of perspective. The earlier opinion did not hold that the question of a defendant's guilt or innocence is always a necessary or proper matter for inquiry on a motion to withdraw a plea of guilty.

To put the earlier opinion back in proper perspective, I suggest we look again at the bare facts and Rule 27.25. The facts are that defendant in 1955 entered a plea of guilty to the murder of George Zagib and was sentenced by the late Judge Aronson to life imprisonment. Some thirteen years later he filed a motion to set aside that conviction and for leave to withdraw his plea, alleging as grounds that the trial judge had failed to determine that the plea was voluntarily and understandingly made. Rule 27.25 provides that a motion to withdraw a plea of guilty may be made only *before sentence,* but that " * * * to correct manifest injustice* the court *after* sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." [Emphasis mine]

As noted above, defendant had, in the interim between his plea and the hearing of his motion, stated in his letter to Judge Aronson that he had in fact killed George Zagib and that he felt that the seventeen years he had spent imprisoned " * * * should suffice for the one man I have killed * * *."

To bring the facts and law into still closer perspective: the trial court and this court were then and are now faced with a man seeking to withdraw his judicial admission of guilt after sentence on the ground that manifest injustice had resulted from acceptance of his plea, a man who, at

1. As stated in the opinion (457 S.W.2d at 720), the case was remanded to give defendant " * * * an opportunity to present any exculpatory matter contained in the letter * * *" which he had written Judge Aronson dated February 15, 1968, after the pleas of guilty, stating, inter alia, " * * * I was not a principal in the killing of John Krieger nor in the wounding of Officer Johnson, only in that of George Zagib * * *", and in which he expressed the view that the punishment he had received " * * * should suffice for the one man I have killed * * *."

the same time, had in 1968 by letter voluntarily confirmed his guilt. The questions facing the courts were and are: May manifest injustice result from a plea where there is in fact guilt of the crime to which the plea was entered? Are the courts required to permit withdrawal of the plea after sentence where the defendant, figuratively speaking, stands up and says voluntarily, "I killed the man."? What the court held in the earlier opinion was that, in these circumstances, manifest injustice could not have resulted and, therefore, there was none to correct, if defendant were in fact guilty; that defendant may not be heard to say from his own mouth that he did murder and at the same time request and be given leave to withdraw his plea of guilty to that crime.

I continue to adhere to our earlier decision and, therefore, respectfully dissent.