

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| IN THE INTEREST OF: A.L.H., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD85774 |
| | ) | |
| JUVENILE OFFICER, | ) | Filed: October 3, 2023 |
| | ) | |
| Respondent. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF HARRISON COUNTY
THE HONORABLE THOMAS R. ALLEY, JUDGE**

**BEFORE DIVISION ONE: ANTHONY REX GABBERT, PRESIDING JUDGE,
LISA WHITE HARDWICK, JUDGE AND MARK D. PFEIFFER, JUDGE**

A.L.H. appeals the juvenile court's judgment committing him to the custody of the Division of Youth Services based on a finding of delinquency for stealing and engaging in behavior injurious to his welfare. A.L.H. contends the court erred in finding him delinquent because there was no record, finding, or factual basis that he knowingly and voluntarily admitted to the alleged conduct. For reasons explained herein, we reverse the juvenile court's judgment and remand the case for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

In September 2022, the Juvenile Officer of Harrison County ("Juvenile Officer") filed a petition alleging that 14-year-old A.L.H. committed two delinquency offenses of stealing by appropriating two prescription medications in violation of Sections 211.031.1(3) and 570.030.[1] The petition also alleged that A.L.H. committed two status offenses of engaging in behavior injurious to his welfare by refusing to attend school and leaving his residence without permission, in violation of Section 211.03.1(2)(d).

A.L.H. appeared with counsel and his guardian at the adjudication hearing. He admitted to the allegations and consented to the juvenile court's jurisdiction. Following a dispositional hearing, the juvenile court entered judgment ordering that A.L.H. be committed to the custody of Division of Youth Services indefinitely. The juvenile court found that A.L.H. was in need of care and treatment that could not be furnished in the home of his guardian.

The following week, the juvenile court issued its findings of fact and conclusions of law stating that, based on A.L.H.'s admission at the dispositional hearing, A.L.H. committed the offenses alleged in the petition. A.L.H. appeals.[2]

## STANDARD OF REVIEW

A.L.H. acknowledges that the error he asserts in his point relied on was not raised in the juvenile court. He, therefore, requests plain error review. "When a constitutional

---

[1] All statutory references are to the Revised Statutes of Missouri 2016, as updated by the 2020 Cumulative Supplement.

[2] The Juvenile Office did not file a respondent's brief in this appeal.

right is violated, a circuit court's failure to follow a statute will warrant plain error review." *In re D.E.D.,* 653 S.W.3d 427, 434 (Mo. App. 2022) (citation omitted). "Plain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 84.13(c). "Plain error review requires a two-prong analysis to determine: (1) whether there was an error that is evident, obvious, and clear; and (2) whether a manifest injustice or miscarriage of justice occurred as a result of that error." *In re D.E.D.,* 653 S.W.3d at 431 (citation omitted). "Further, to reverse for plain error in a civil case, the injustice must be so egregious as to weaken the very foundation of the process and seriously undermine confidence in the outcome of the case." *Id.* (citation omitted).

**ANALYSIS**

In his sole point on appeal, A.L.H. contends that the juvenile court plainly erred in the finding of delinquency because the court did not find on the record that he knowingly and voluntarily admitted to the conduct alleged in the petition and the record did not establish that there was factual basis for his admissions. A.L.H. argues that this error resulted in manifest injustice by depriving him of his right to liberty based on his commitment to the custody of the Division of Youth Services.

"Juvenile proceedings are civil, not criminal, and are focused on continuing care, protection, and rehabilitation of the juvenile, not punishment." *In re A.C.C.,* 561 S.W.3d 425, 428–29 (Mo. App. 2018) (citation omitted). "Nevertheless, civil labels and good intentions do not themselves obviate the need for criminal due process safeguards in

3

juvenile courts, for a proceeding where the issue is whether the child will be found to be delinquent and subjected to the loss of his liberty for years is comparable in seriousness to a felony prosecution." *Id.* (internal quotation marks and citations omitted). "While the Fourteenth Amendment does not require juvenile delinquency proceedings to conform to all the requirements of a criminal trial, the Due Process Clause does require adjudicatory hearings to apply the essentials of due process and fair treatment." *Id.* at 429 (internal quotation marks and citations omitted).

In an adjudication hearing, the juvenile court determines whether the allegations contained in the petition are established. Rule 124.06. Before "admitting to the facts in a petition filed in a delinquency proceeding, juveniles are entitled to the same minimum due process rights afforded adult criminal defendants during guilty pleas." *In re A.C.C.*, 561 S.W.3d at 429. "That is, a plea must not only be a voluntary expression of the defendant's choice, it must also be a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences of the act." *Id.* (internal quotation marks and citations omitted). Upon finding that the juvenile admits to the allegations in the petition, the juvenile court is required to "make a finding whether the admissions of the juvenile are freely and voluntarily given and knowingly made and whether a basis in fact exists for the juvenile's admissions[.]" Rule 128.02(d)(3).

Here, the record is silent as to the findings required by Rule 128.02(d)(3). During the adjudication proceeding, A.L.H. confirmed he was admitting the allegations in the petition. However, the court made no inquiry into whether the A.L.H.'s admissions were

4

voluntarily given and knowingly made, and whether a factual basis existed for his admissions:

> THE COURT: All right, you ready to proceed [Juvenile Office]?
>
> [JUVENILE OFFICE]: I am, Your Honor. My understanding, Your Honor, is that the juvenile, through his counselor, will be admitting the allegations in the petition and consenting to the Court's jurisdiction over the matter.
>
> [A.L.H.'S COUNSEL]: That is correct, Your Honor. We will be -- the youth will be admitting to the allegations in the petition filed by the juvenile office.
>
> THE COURT: Okay. And that is your understanding [A.L.H.]?
>
> [A.L.H.]: Yes.
>
> THE COURT: [Guardian]?
>
> [GUARDIAN]: Yes.
>
> THE COURT: Okay. I note some affirmations. I believe those were yes's. Is that correct?
>
> [JUVENILE OFFICE]: Yes.
>
> THE COURT: So we have covered the allegations. Now, we're talking about this disposition and what we're going to do after the admissions. Is that correct? The court having noted the admission to the petition?
>
> JUVENILE OFFICE: That's correct, Your Honor.

The juvenile court's docket entry checked the spaces beside the statements "Allegations are ADMITTED" and "By juvenile." The order and judgment of disposition regarding delinquency status is silent regarding any admissions to the allegations in the petition. The juvenile court's findings of fact and conclusions of law state, in the "Adjudication Findings" section, "Based upon admissions of the Juvenile, the Court finds that the allegations contained in paragraph(s) 1, 2, 3, 4(A)(B)(1)(2) are true."

5

The transcripts and written orders do not contain any inquiry into or determination of whether A.L.H.'s admissions were voluntarily and knowingly made. Likewise, there is no evidence on the record of a factual basis for A.L.H.'s admissions. The juvenile court "had to conclude that there was a factual basis for the violation." *P.L.S. v. Juvenile Officer*, 651 S.W.3d 885, 889 (Mo. App. 2022). The juvenile "court committed evident, obvious, and clear error in accepting [A.L.H.'s] admission[s]" when it did not make an adequate record or mandatory findings that A.L.H.'s plea was voluntarily and knowingly made and that a factual basis for his admissions existed. *Id*. at 889.

The second component of plain error review requires that we determine whether the juvenile court's error undermined the outcome of the case. *In re D.E.D.,* 653 S.W.3d at 431. A.L.H. argues that, without a valid finding of a voluntary admission, evidence, or a factual basis for his admissions, he was deprived of his right against self-incrimination and due process of law. We agree.

Analogous to criminal admissions, it is well established that a "guilty plea is a waiver or relinquishment of [constitutional] protections and if the plea is invalid because it is not knowingly and understandingly made . . . then it deprives the defendant of safeguards which are rightfully and properly his, no matter whether he is in fact innocent or guilty of the crime charged." *State v. Reese*, 481 S.W.2d 497, 499 (Mo. banc 1972). "This deprivation by means of a defective plea is itself manifest injustice, and one so deprived is entitled to have his guilty plea set aside and receive a trial on the merits, which is the appointed and appropriate place to arrive at a determination of guilt or innocence[.]" *Id.* (citation omitted).

The record shows that the juvenile court's order committing A.L.H. to the Division of Youth Services relied on A.L.H.'s admissions. The juvenile court's failure to find that A.L.H.'s admissions were voluntarily and knowingly made resulted in his loss of liberty. *P.L.S.*, 651 S.W.3d at 892. Where no evidence on the record establishes that A.L.H. actually committed the offenses charged, the juvenile court's reliance on A.L.H.'s admissions constituted manifest injustice. *Id.*

The juvenile court's failure to comply with Rule 128.02(d)(3) was plain error that violated A.L.H.'s constitutional rights and resulted in manifest injustice. We grant the point on appeal.

## CONCLUSION

We reverse the juvenile court's judgment and remand the cause for proceedings consistent with this opinion.

_____
LISA WHITE HARDWICK, JUDGE

All Concur.

7