**STATE of Missouri, Appellant,**

v.

**George Ben EDMONDSON, Respondent.**

**No. 53561.**

Supreme Court of Missouri,
Division No. 1.

Feb. 10, 1969.

Norman H. Anderson, Atty. Gen., Jefferson City, Claude W. McElwee, Jr., Special Asst. Atty. Gen., St. Louis, for appellant.

James A. Dunn, Carthage, for respondent.

STORCKMAN, Judge.

This appeal is by the state from a trial court order sustaining the motion of George Ben Edmondson under S.Ct. Rule 27.26, V.A.M.R., to set aside a judgment of conviction and sentence entered on a plea of guilty to a charge of first-degree robbery. A prison term of ten years was imposed and the movant is now in the custody of the Department of Corrections of the State of Missouri. On a showing of indigency, counsel was appointed by the trial court. The same counsel briefed and argued the case for the movant as respondent on appeal.

The history of the case goes back to 1961. In December of that year, the J. C. Penney store in Springfield, Missouri, was robbed. Edmondson was apprehended in Albuquerque, New Mexico, and returned to Greene County where he was charged, tried and convicted of the offense and sentenced to a term of thirty years. On appeal to this court, the judgment of conviction was reversed and the cause remanded because of the admission of evidence obtained by an unreasonable search and seizure in violation of the defendant's constitutional rights.

See State v. Edmondson, Mo., 379 S.W.2d 486.

After remand the defendant applied for and was granted a change of venue. The cause was sent to Jasper County and Edmondson was transferred to the county jail in Carthage. At his first trial Edmondson was represented by counsel of his own choosing, but on the application for change of venue and since then he has been represented by court-appointed counsel, several in number successively appointed. On February 16, 1965, the defendant withdrew his plea of not guilty and entered a guilty plea. Two Jasper County lawyers appointed to represent Edmondson on February 1, 1965, were present at the hearing. The sentence of ten years was credited with time spent in jail and the penitentiary amounting to 1131 days. Pursuant to the sentence, Edmondson was committed to the Missouri State Penitentiary from which he escaped on August 31, 1965. He went to Canada where he worked as a civil engineer until he was apprehended and returned to the Missouri penitentiary.

Thereafter, on September 13, 1967, the prisoner filed this 27.26 motion pro se. Mr. James Dunn was appointed as his counsel and filed an amended motion in the form and manner provided by the amendments to Rule 27.26 which became effective September 1, 1967. An evidentiary hearing was held December 5, 1967, and thereafter the motion was sustained. Since the memorandum opinion of the trial court filed with the judgment states the issues made by the motion, additional facts, the court's findings and the reasons for his rulings, it will be set out in full. The judgment rendered December 19, 1967, recites that the movant Edmondson appeared at the hearing on December 5, 1967, by James Dunn his attorney, and the state appeared by Jack Yocom, the prosecuting attorney of Greene County. The judgment further states that "it is ordered and adjudged by the Court that the Movant's plea of guilty on the 16th day of February, 1965, and the Judgment and Sentence entered thereon be and the same is hereby vacated, set aside and for naught held and esteemed and that the Movant George Ben Edmondson be granted a new trial or any further proceedings, on the information now pending in the case of State of Missouri vs George Ben Edmondson, Number 11397."

The memorandum opinion of the court filed with the judgment states the issues made by the motion, additional facts, the court's findings and the reasons for his rulings as follows:

"This matter comes before the court on a Motion filed by movant to set aside a plea of guilty entered in this court on February 16, 1965, in Case No. 11397 in which the State of Missouri charged the defendant George Ben Edmondson, the movant herein, with the offense of Robbery in the first degree.

"The information in this case was originally filed in Greene County, Missouri, where a trial was held and the defendant was found guilty of the offense charged. Defendant appealed to the Supreme Court of Missouri and the case was reversed and remanded for a new trial by reason of error committed at the trial. (See State of Missouri v. George Ben Edmondson, 379 S.W.2d 486.) Thereafter the case was transferred to the Circuit Court of Jasper County on defendant's application for a change of venue from Greene County.

"At the original trial in Greene County defendant was represented by paid counsel but after the reversal it was necessary for both the court of Greene County and Jasper County to appoint counsel for defendant for the reason he was without funds to employ counsel.

"Movant's original motion to set aside his plea of guilty filed under Supreme Court Rule 27.26 as amended and effective September 1, 1967, was filed by movant, and pursuant to that rule this court appointed Mr. James Dunn, Attorney at Law of Carthage, Missouri, to represent him. In accordance with the provisions of Rule 27.-26 Mr. Dunn filed an Amended Motion to

vacate the sentence after conferring with Mr. Edmondson. It was upon the amended motion that this hearing was held on December 5, 1967.

"The grounds set out in movant's motion are as follows:

"(a) Plea of Guilty was improvidently entered because applicant was not properly advised as to the effect of the Supreme Court's decision in his appeal from a previous conviction for the same charge.

"(b) Applicant was not properly advised by his appointed counsel because said appointed counsel did not adequately examine the transcript of his previous conviction for the same offense.

"(c) Applicant was mislead into entering a plea of guilty by his appointed counsel which caused applicant to believe an agreement had been reached and that his sentence would be five years with credit for all time served.

"(d) Counsel was appointed by the court so late so as to prevent any real or intelligent investigation and preparation for trial in view of the seriousness of the charge, the nature of the anticipated evidence and all of the attendant facts and circumstances.

"(e) The admissible evidence available to the State of Missouri was and is insufficient in law and fact to sustain a conviction for Robbery and applicant was not properly advised of this fact by his appointed counsel.

"(f) The sentence imposed is in violation of both the United States and Missouri Constitutional prohibition against cruel, unusual, inhuman or excessive punishments.

"Under the assignment listed in subparagraph (f) movant claims that the sentence imposed was cruel, unusual, inhuman or excessive for the reason that movant has had a complete change in philosophy, attitude and motivation, and offered to produce testimony to that effect. Such evidence was rejected by this court for the reason that the sentence of ten years was not excessive within the limits prescribed by law for the offense charged, and for the further reason that this court is not in a position to grant clemency in a hearing of this type and must determine this motion as of the conditions which prevailed on February 16, 1965, when the plea of guilty was entered and the sentence pronounced.

"The court feels that there is merit in the other assignments as reflected by the testimony and the record in this case.

"In cases of robbery, rape and murder it has been the custom of this court in the case of appointed counsel, because of the seriousness of those offenses, to appoint two lawyers to represent a defendant. That was what the court attempted to do in this case. Tomas [sic] Strong of Springfield had been appointed in Greene County and filed the application for change of venue and this court appointed James E. Brown of Joplin to assist him. Later after talking with Mr. Strong this court released him as well as Mr. Brown and after conferring with Senator Arkley Frieze and Vernie Crandall of Carthage the court appointed them to represent the defendant. Later Senator Frieze advised the court that he was having so much difficulty with Mr. Edmondson's father that he felt he must ask to be released and the court then released the firm of Frieze & Crandall as attorneys for defendant. Since appointed counsel must work without compensation this court felt that since Mr. Newberry of Springfield received compensation for representing Mr. Edmondson in the first trial he could better afford to render such services to Mr. Edmondson in a retrial and would be familiar with the details of the case and he was appointed along with Mr. Max Patten, Attorney of Joplin, as local attorney. The court then learned of some difficulties which arose in connection with the appeal after the trial in Greene County and the court released Mr. Newberry and proceeded to appoint attorneys who would be able to render Mr. Edmondson adequate service.

"Thereafter on February 1, 1965, this court conferred with Mr. Emerson Foulke and Mr. Max Patten, attorneys of Joplin, and appointed them to represent Mr. Edmondson.

"This case was transferred to Jasper County from Greene County September 14, 1964, the order of transfer having been made in the Circuit Court of Greene County under date of September 3, 1964.

"After this court appointed Mr. Foulke and Mr. Patten to represent Mr. Edmondson, and after conferring with Mr. Don Burrell, Prosecuting Attorney of Greene County, this court advised Mr. Foulke and Mr. Patten that if Mr. Edmondson should desire to enter a plea of guilty to the pending charge the court would be willing to sentence him to ten years in the state penitentiary and give him credit for his time in jail and the penitentiary since his arrest in Greene County which was approximately three years. Later either Mr. Foulke or Mr. Patten advised me that Mr. Edmondson had indicated he might enter a plea of guilty for a seven year sentence with allowance for his jail time and this court again stated the sentence would be for ten years.

"On February 16, 1965, this court was informed that Mr. Edmondson had indicated a desire to enter a plea of guilty and that plea was entered as shown by the transcript of the proceedings on that date.

"This court accepts the blame and responsibility for Mr. Foulke and Mr. Patten not having made a more thorough examination of the abstract of the record of the trial in Greene County and for the negotiations with defendant in an effort to get this case disposed of. In accepting the defendant's plea of guilty this court assumed that Mr. Edmondson had been informed that his sentence would be ten years with credit for his time served.

"The court finds from the testimony of Mr. Edmondson and from both Mr. Foulke and Mr. Patten that Mr. Edmondson was not so informed and the court did not ask the defendant specifically if he had been so informed.

"This court, therefore, finds that, Mr. Edmondson was mislead into believing that he might receive a sentence of less than ten years by reason of the statement to him that his attorneys did not feel it would be more than ten years, when in fact the court had definitely stated the sentence would be for ten years.

"The court further finds that by reason of the offer made by the court concerning a plea of guilty Mr. Edmondson's appointed counsel did not fully examine the transcript of the evidence of the trial in Greene County and, therefore, were not in a position to, and did not properly advise him fully of certain evidence which would not be admissible in a retrial of the case.

"This court, therefore, finds that the movant's plea of guilty in this court entered on February 16, 1965, to the charge of robbery in the first degree was improvidently entered by reason of the findings above specified and the motion by movant, George Ben Edmondson, to vacate and set aside said sentence is sustained and said plea of guilty and the sentence of ten years imprisonment in the state penitentiary is hereby vacated and set aside and the said George Ben Edmondson is hereby ordered remanded to the custody of the Sheriff of Jasper County, Missouri, and ordered returned to the Jasper County Jail for such further proceedings and trial on the information pending in said case of State of Missouri vs. George Ben Edmondson, No. 11397 as may be required in order to afford the said defendant a fair and impartial trial."

■ The state's first assignment of error is that the trial court based its findings of fact on conversations it had with Edmondson's attorneys regarding the sentence it would impose when such conversations were not in evidence and were contrary to the evidence. This and other contentions made calls for a determination whether the order and judgment are supported by the evidence. A motion under S.Ct. Rule 27.26

by a prisoner in custody under sentence to vacate, set aside, or correct such sentence is in the nature of a civil action and the procedure before the trial court and on appeal is governed by the rules of civil procedure insofar as they are applicable. S.Ct. Rule 27.26(a) and (j); State v. Stidham, Mo., 403 S.W.2d 616, 618[3]; State v. Thompson, Mo., 324 S.W.2d 133, 135[2]. The remedy provided by Rule 27.26 includes all relief heretofore available by a habeas corpus proceeding which in its nature is a civil rather than a criminal proceeding even though it is invoked by a person charged with or convicted of a crime. State v. King, Mo., 380 S.W.2d 370, 372[1–3]; State v. Thompson, Mo., 324 S.W.2d 133 135[2, 3]; State v. Smith, Mo., 324 S.W.2d 707, 711–712[7]; Burgess v. King, 8 Cir., 130 F.2d 761, 762[2].

■ Supreme Court Rule 28.05 formerly provided that on an appeal taken in a proceeding under Rule 27.26, the appellate court would review the matter de novo. Rule 28.05 was repealed effective September 1, 1967, and the controlling provision now is that the appellate review shall be limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. S.Ct. Rule 27.26(j); Crosswhite v. State, Mo., 426 S.W.2d 67, 70[1]; State v. Mountjoy, Mo., 420 S.W.2d 316 323[8]. The general rule pertaining to the review of court-tried cases is S.Ct. Rule 73.01(d).

■ The exercise of the power to set aside a judgment of conviction and to permit the defendant to withdraw his plea of guilty is discretionary with the trial court and its action should not be disturbed on appeal except for an abuse of such discretion. State v. Arnold, Mo., 419 S.W.2d 59, 61[2]; State v. Parker, Mo., 413 S.W.2d 489, 493[2], cert. den. 390 U.S. 906, 88 S.Ct. 823, 19 L.Ed.2d 874.

More specifically, the state contends that the evidence does not support the court's finding that the "court advised Mr. Foulke and Mr. Patten that if Mr. Edmondson should desire to enter a plea of guilty to the pending charge, the court would be willing to sentence him to ten years"; that the attorneys indicated to the court that Edmondson might enter a guilty plea for a seven-year sentence, but the court said the sentence would be ten years and that by reason thereof the defendant was misled into believing that he might receive a sentence of less than ten years. The state asserts that the transcript discloses no testimony concerning conversations of that nature. In support of this contention, the state relies upon State v. Keeble, Mo., 427 S.W.2d 404, 409[9], and State v. Keeble, Mo., 399 S.W.2d 118, 120[6]. The 27.26 motions in the Keeble cases were denied without an evidentiary hearing. In this case there was an evidentiary hearing at which the court files, a transcript of the hearing at which the plea was entered, the court's docket entries and statements by the court at both hearings are in evidence and are contained in the transcript of the record on appeal. The judge who took the plea of guilty and imposed the sentence on February 16, 1965, also heard and sustained the 27.26 motion on December 19, 1967.

■ There can hardly be any doubt that there were conversations between the trial court and defendant's attorneys as a result of which an "understanding" was reached as to what the sentence would be on a plea of guilty. The transcript of the hearing at which the plea was entered on February 16, 1965, in evidence as plaintiff's exhibit 4, shows that the court stated in open court in the presence of Mr. Don Burrell, then prosecuting attorney of Greene County, and the defendant's attorneys, that "the record ought to show that I have discussed this matter with both Mr. Foulke and Mr. Patten with reference to your [the defendant's] desire to enter a plea" and further that there "were some matters involved in the case which I was not advised of because the [supreme court] opinion did not give them, but I have talked with Mr. Foulke and Mr. Patten and

they have advised me of certain other matters which were involved in it with reference to a possible defense and various things which took place in it." The court asked the defendant if his attorneys had "discussed this matter thoroughly" with him and the defendant replied in the affirmative. The prosecuting attorney did not state his version of the case or make any recommendation as to the sentence. The defendant's attorneys did not make any plea in mitigation. S.Ct. Rule 25.04 provides that the trial court "may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge." A plea of guilty is a confession in open court and, like a confession out of court, should be received with caution and should never be received unless it is freely and voluntarily made. State v. Williams, Mo., 361 S.W.2d 772, 775[3]. The record made at the hearing affirmatively shows that the plea and sentence had been discussed out of court. Otherwise a record more in compliance with our rules and decisions relating to taking guilty pleas would have been made.

This further appears from the transcript of the hearing on the motion to set aside. While Edmondson was testifying at the hearing on December 5, 1967, the court asked him if either Mr. Patten or Mr. Foulke told him that they had discussed the matter with the court and that the court had told the attorneys that it "would agree to sentence you to ten years on a plea of guilty and give you credit for the time you had been in jail". Mr. Edmondson replied that he did not recall any such direct statement and was under the impression his attorneys were talking with the prosecuting attorney to get his recommendation. The court then referred to another case which had been before him in which he discovered that the defendant had not been informed of the agreement reached by the court and the attorneys; in this connection the court further stated, "while I didn't put that in this transcript,

I probably should have made that inquiry." The court then asked this question; the answer is by the defendant: "THE COURT: At the time you entered your plea of guilty, it was not your understanding then that the Court had committed himself to give you a sentence of ten years in the penitentiary? A. No, Sir. My understanding wasn't that at all." The defendant further testified that he did not recall being told by his attorneys that they had ever discussed the case with Judge Watson.

Mr. Foulke testified that immediately before going into the courtroom on February 16 he advised the defendant "there wasn't any assurance" and neither he nor Mr. Patten knew what Judge Watson was going to do. He further testified that he did not discuss the case with Mr. Burrell, the prosecuting attorney, nor with anybody else except Mr. Patten and the defendant. His recollection was that all he told the court was that the defendant had decided to enter a plea of guilty and it would not be necessary to call a jury.

Mr. Patten testified that he did not talk with the prosecuting attorney about what the state would recommend. He was shown exhibit 4, the record of the proceedings on February 16, 1965, and his attention was directed to the court's statement that he and Mr. Foulke had had some conversation with the court. The witness answered that this conversation was to the effect that a plea would be entered and nothing further was said at that time. Mr. Patten said that he thought the defendant was asked by the court whether he was entering a plea because he was guilty because that was "routine in all criminal cases", but this did not appear in the transcript and he conceded it was not asked.

■ The trial court's references at the hearing on February 16, 1965 to its conferences and discussions with the defendant's attorneys furnish strong support to the court's fuller exposition of their content

at the hearing on the motion to set aside. There was no direct denial by the state of the matters disclosed by the court's questions and statements. The evidence was sufficient to support the court's finding that it had committed itself to impose a sentence of ten years with credit for jail and penitentiary time served, that this information had not been communicated to the defendant and that the defendant was thereby misled into believing that he might receive a sentence of less than ten years. The court took the blame for not ascertaining specifically that the defendant was not fully informed of the true situation.

The state further insists the evidence does not support two other grounds for relief alleged in the defendant's motion to set aside. In view of our conclusion on the first point presented, we need not discuss these additional assignments and consider exhaustively the remaining evidence. It is sufficient to say that the motion has additional support in the evidence adduced.

█ The rule is well established in this state that a defendant should be permitted to withdraw a plea of guilty if he has been misled or induced to enter such plea by fraud, mistake, misapprehension, fear, persuasion, or holding out of hopes which prove to be false or ill-founded. State v. Williams, Mo., 361 S.W.2d 772, 775[4]; State v. Williams, Mo., 391 S.W.2d 227, 234[3]; State v. Reynolds, 355 Mo. 1013, 199 S.W.2d 399, 402[5]. The action of the trial court in sustaining defendant's motion and setting aside the judgment and sentence is supported by substantial evidence and cannot be said to be clearly erroneous or an abuse of discretion. State v. Arnold, Mo., 419 S.W.2d 59, 62[3]; State v. Cochran, 332 Mo. 742, 60 S.W.2d 1, 3[9–11];; State v. Dale, 282 Mo. 633, 222 S.W. 763, 764[2]; State v. Stephens, 71 Mo. 535, 537.

Accordingly, the judgment is affirmed.

All of the Judges concur.