**Dawn R. HUSTON, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**WD 79918**

Missouri Court of Appeals,
Western District.

Opinion filed: September 5, 2017

Motion for Rehearing and/or Transfer to Supreme Court Denied October 31, 2017.

S. Kate Webber, for Appellant.

Daniel N. McPherson, Jefferson City, for Respondent.

Before Division Two: Edward R. Ardini, Jr., Presiding Judge, Karen King Mitchell, Judge and Anthony Rex Gabbert, Judge

EDWARD R. ARDINI, JR., JUDGE

Dawn R. Huston appeals the judgment of the Circuit Court of Saline County denying her Rule 24.035 motion without an evidentiary hearing after she pleaded guilty to one count of distributing marijuana within 2,000 feet of a school (Count I) and two counts of distributing more than five grams of marijuana (Counts II and III).

Huston's first two points on appeal are directed at Count I and contend that (1) her guilty plea was entered in violation of Rule 24.02(e) because no factual basis was established that, at the time of the commission of the offense, she knew that she was within 2,000 feet of a school and (2) her plea counsel was ineffective for failing to investigate whether the location of the marijuana sale was within 2,000 feet of a school. Because there was not a sufficient factual basis for Huston's guilty plea as to Count I, we grant Point I, reverse the motion court's judgment denying post-conviction relief as to that count, vacate the conviction, and remand for a trial or further plea proceedings.

Huston's third and fourth points on appeal argue that (1) the plea judge improperly participated in plea negotiations and (2) her plea counsel was ineffective for failing to move for the recusal of the plea judge. The record establishes that Huston was not entitled to relief on these claims, and Points III and IV are denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Huston was charged with distributing marijuana within 2,000 feet of a school and two counts of distributing more than five grams of marijuana. Huston entered open guilty pleas to all counts. The plea court conducted a standard colloquy regarding the rights that Huston would be waiving by pleading guilty, addressed that she was

a prior and persistent drug offender, and received Huston's agreement that she was guilty of each of the three charges after reciting the facts of each offense as set forth in the charging document. The plea court accepted her guilty pleas on all three counts, ordered the preparation of a Sentencing Assessment Report (SAR), and set the date for her sentencing.

Before the conclusion of the plea hearing, the prosecutor sought to make a record that a previously extended plea offer had been communicated by defense counsel to Huston. That plea offer was discussed, and Huston confirmed that she was aware of the offer and had rejected it. The plea court provided Huston an opportunity to confer with her counsel regarding the previously rejected offer. Huston declined, and the hearing was concluded. Huston was later sentenced to fifteen years on each count, to be served concurrently. Huston filed a *pro se* Rule 24.035 motion for post-conviction relief, which was amended by appointed counsel. The motion court denied Huston's motion without an evidentiary hearing, and she now appeals.[1]

## II. STANDARD OF REVIEW

Review of the denial of a Rule 24.035 motion "is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous[,]" *i.e.*, this "court is left with the definite and firm impression that a mistake has been made." *Cooper v. State*, 356 S.W.3d 148, 152 (Mo. banc 2011). Huston, as the movant, "has the burden to show by a preponderance of the evidence that the motion court clearly erred in its ruling." *Id.* We will affirm the motion court's judgment if it reached the right result, even if for the wrong reason. *Curry*

*v. State*, 438 S.W.3d 523, 524 (Mo. App. E.D. 2014) (citation omitted).

To be "entitled to an evidentiary hearing on [her] Rule 24.035 motion," Huston must establish "that (1) [s]he alleged facts, not conclusions, warranting relief; (2) the facts alleged raise matters not refuted by the files and record of [her] case; and (3) the matters complained of resulted in prejudice to [her]." *Cooper*, 356 S.W.3d at 152 (citation omitted). An evidentiary hearing will "be denied when the record conclusively shows that the movant is not entitled to relief." *Id.* (citation omitted).

## III. DISCUSSION

### A. Knowledge-of-Proximity Element

In her first point on appeal, Huston argues that her guilty plea to Count I lacked a factual basis establishing that she knew at the time of the marijuana sale that she was within 2,000 feet of a school. We agree.

A "court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea[,]" which "is necessary to ensure that the guilty plea was intelligently and voluntarily entered[.]" Rule 24.02(e); *Wray v. State*, 474 S.W.3d 230, 235 (Mo. App. W.D. 2015) (citation omitted). "For a plea to be knowing and voluntary, the defendant must be informed of the elements of the offense either at the plea hearing or on some prior occasion, and [s]he must understand them." *Wray*, 474 S.W.3d at 235 (citation omitted).

Huston pleaded guilty to distribution of a controlled substance within 2,000 feet of a school. Section 195.214.1[2] specifically states that "[a] person commits the

---

1. The plea, sentencing, and motion hearings were all presided over by the same judge.

2. All statutory citations are to the Revised Statutes of Missouri 2000, as supplemented until December 31, 2016.

offense of distribution of a controlled substance near schools if such person violates section 195.211[3] by unlawfully distributing or delivering any controlled substance to a person ... within two thousand feet of[ ] the real property comprising a public or private ... school[.]" A conviction under this section requires proof that the defendant knew at the time of the distribution that she was within 2,000 feet of a school. *See Johnson v. State*, 407 S.W.3d 63, 70 (Mo. App. W.D. 2013).

The motion court found that a sufficient factual basis was made at the plea hearing based on Huston's acknowledgment that she knowingly sold marijuana within 2,000 feet of an elementary school. The record from the plea hearing reveals that the totality of the factual basis was established from the plea court reading the offense as stated in the charging document and Huston agreeing that she was guilty of the charge:

> COURT: ... [Y]ou are in fact guilty of the Class A felony of distribution of a controlled substance near schools ...?
>
> HUSTON: Yes, Sir.
>
> COURT: And you're guilty ... ma'am, because on or about November 2nd, 2011, in the County of Saline, State of Missouri, you knowingly sold marijuana, a controlled substance, to Missouri State Highway Patrol Corporal JG Hoover at 163 S. Grant Avenue in the city of Marshall, which is within 2[,]000 feet of the real property comprising Benton School, an elementary school.
>
> HUSTON: Yes, Sir.

Although the factual allegations set forth in the charging document appear "simple, specific[,] and sufficient to inform the defendant in terms that a layman would understand what acts [she] was charged with committing" as the State argues, *see Wray*, 474 S.W.3d at 235 (citation omitted), we nevertheless cannot discern from the plea colloquy whether Huston fully understood the nature of the charge, including the requirement that she knew at the time of the drug sale that she was within 2,000 feet of a school, and believed that her conduct actually fell within the charge. *See Frantz v. State*, 451 S.W.3d 697, 702 (Mo. App. W.D. 2014) ("The purpose of the factual basis inquiry is to protect a defendant who is in the position of pleading[ ] voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." (citation and internal quotation marks omitted)). Rather, the plea colloquy at most establishes that the address was within 2,000 feet of a school and does not establish, as required by *Johnson*, that Huston knew at the time of the sale that she was within 2,000 feet of a school.

Because Huston's plea lacked the factual basis required for the charge, it failed to comply with Rule 24.02(e) and "cannot be said to have been knowingly and voluntarily entered." *Id.* at 704 (citation omitted). Thus, the denial of relief relating to Count I was erroneous as a matter of law and the conviction for Count I must be set aside. *See Hoskin v. State*, 863 S.W.2d 637, 639-640 (Mo. App. E.D. 1993) (citation omitted) (setting aside three guilty plea convictions where the required factual basis was not established); *see also Calvin v. State*, 204 S.W.3d 220, 225-27 (Mo. App. W.D. 2006) (holding that guilty plea was not voluntary without sufficient factual basis and setting aside conviction and sentence). The case must be remanded for trial or further plea proceedings as to Count I. *See Calvin*, 204 S.W.3d at 227 (remanding for trial on con-

---

**3.** Under section 195.211.1, "it is unlawful for any person to distribute, deliver, manufac- ture[, or] produce ... a controlled substance[.]"

viction reversed for failing to meet requirements of Rule 24.02(e)).

Point I is granted. Because the conviction and sentence as to Count I must be set aside, it is not necessary for this court to consider Huston's second point on appeal alleging that her counsel was ineffective for failing to investigate whether the school was within 2,000 feet from the point of her distribution of marijuana.

### B. Court's Alleged Participation in Plea Negotiations & Bias

■ In her third point on appeal, Huston claims that the plea judge improperly participated in plea negotiations by pressuring Huston to accept the State's previous plea offer of twelve years. The motion court denied Huston's claim, stating that a court is permitted to discuss its willingness to accept an agreement or alternatives after a plea agreement has been reached. The court noted that it had merely indicated its willingness to accept a plea under the terms of the State's previous offer that had been disclosed by Huston at the plea hearing and offered her the opportunity to discuss the matter further with her counsel.

Rule 24.02(d) provides that "[t]he court shall not participate in any [plea agreement] discussions, but after a plea agreement has been reached, the court may discuss the agreement with the attorneys including any alternative that would be acceptable." Violations of this rule turn on the specific facts of each case. For example, statements by the judge during a plea hearing such as "[t]his case, as you know, is assigned out for trial; you wanted five

years, the State wanted twenty[,] and we have agreed and negotiated on this fourteen years" and "I have cut the State six years and I have raised what you wanted a few years, and this is a sort of compromise between you, your lawyer[,] and myself" evidence improper participation in plea discussions. *Toler v. State*, 542 S.W.2d 80, 81-82 (Mo. App. 1976). However, a judge's discussion with a defendant of options short of trial, including the possibility of pleading guilty in order to avoid a harsher sentence, was not found to be improper. *State v. Payne*, 488 S.W.3d 161, 163, 167 (Mo. App. E.D. 2016).

Here, the record reveals that the plea judge did not improperly participate in plea discussions. The court had accepted Huston's guilty pleas, ordered a SAR, and set a date for sentencing. At that point, the prosecutor sought to confirm on the record that the State's previous plea offer had been communicated by defense counsel to Huston: [4]

> PROSECUTOR: ... I just briefly talked to counsel just to make sure that our offer is being communicated to the Defendant, I'm going to show the Defendant what is a letter of March 20th, 2014, under my signature and from my office and just ask the Defendant whether or not you had received that or whether or not you have been over that with [your counsel].
>
> HUSTON: That you offered 12 years?
>
> PROSECUTOR: Yes.
>
> HUSTON: We talked about it, yes.
>
> THE COURT: You've got an offer of 12 years, ma'am, and you don't want to

---

4. The prosecutor presumably did so in order to avoid a future claim that counsel was ineffective for failing to convey the plea offer to the defendant. *See Missouri v. Frye*, 566 U.S. 134, 145, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012) (holding that "defense counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused" and that counsel was deficient for failing to do so).

take it? The minimum you are looking at is ten.

HUSTON: I know.

PROSECUTOR: I didn't mean to have her—for her to say the years.

THE COURT: I understand, [Prosecutor]. I understand.

HUSTON: I just want to understand that is what it was. I know. I know. I guess I think it's too high.

THE COURT: The minimum is ten.

HUSTON: I know. Ten I can understand.

THE COURT: The minimum is ten, three times. That's [thirty] if you get consecutive. You could get life.

HUSTON: And I could. Yes, sir. Now you make me feel like I did the wrong thing. But it is fine.

PROSECUTOR: I know [defense counsel] went over that with her.

HUSTON: Yes.

PROSECUTOR: As counsel indicated to me again when we talked, that is what—he was going to discuss with her.

HUSTON: Yes.

THE COURT: You want to take a little time to talk to your attorney before we finish up today?

HUSTON: No.

DEFENSE COUNSEL: If you would like to, we can. But this is your attorney's recommendation.

THE COURT: I'm guessing the State will still be willing to recommend it if she wants to take it today?

PROSECUTOR: Well, yes, but I—yes, we would. But I do know that counsel discussed it with her at some length.

HUSTON: Yes.

THE COURT: It's up to you.

HUSTON: I'm okay.

THE COURT: All right. All right. We will come back on May the 27th at 1:15 for sentencing . . .

Nothing in the exchange relied on by Huston supports a conclusion that the plea judge was "involved in formulating the plea agreement." *See Toler*, 542 S.W.2d at 81-82; *cf. State v. Edmondson*, 438 S.W.2d 237, 244 (Mo. 1969) (Judgment of conviction and sentence entered on a plea of guilty to a charge of first-degree robbery set aside because trial court had informed defense counsel that it would impose a ten year sentence if the defendant pleaded guilty and the information had not been communicated to defendant.). Rather, at the request of the State, the plea judge simply permitted the prosecutor to make a record that the State's previous offer had been communicated to Huston and, upon Huston's disclosure of the term of imprisonment contained in that offer, confirmed that Huston understood the potential sentence authorized under the open guilty plea she had entered and provided her with the opportunity to again confer with her counsel regarding the State's previous offer, actions that do not constitute improper participation in plea discussions.[5]

5. Huston also alleges that the plea court plainly erred in failing to recuse itself *sua sponte* because an objectively reasonable onlooker would question whether the court could be impartial after its alleged participation in plea negotiations. This issue was not directly raised in her point relied on and is thus abandoned on appeal. *See C.S. v. Missouri Dep't of Soc. Serv.*, 491 S.W.3d 636, 656 (Mo. App. W.D. 2016) ("Claims of error raised in the argument portion of a brief that are not raised in the point relied on are not preserved for our review." (citation omitted)). However, we generally note that a similar argument has previously been rejected where the judge did not improperly involve itself in plea agreement discussions, any alleged bias or prejudice was not from "*an extrajudicial source [that] result[ed] in an opinion on the merits on some basis other than what the judge*

Moreover, even if this exchange could be read as a violation of Rule 24.02(d), the alleged participation by the court in plea discussions must affect "the voluntariness of the defendant's plea of guilty" in order for a movant to be entitled to post-conviction relief based on the alleged error. *Toler*, 542 S.W.2d at 83 (citations omitted). Huston's plea would be deemed involuntary if the judge's alleged participation misled or induced her "to plead guilty by mistake, misapprehension, persuasion, or the holding out of a hope which prove[d] to be false or ill-founded[.]" *See id.* (citation omitted).

Huston fails to argue that the judge's statements at the plea hearing misled or induced her to plead guilty, and the record would clearly refute any such allegation. The court had already accepted Huston's open plea prior to the exchange wherein Huston alleges that the court improperly participated in plea discussions. Additionally, Huston rejected the plea court's invitation to confer again with her counsel regarding the State's previous twelve-year plea offer. It is apparent that Huston fully understood her options and was on notice that her sentence could be greater if she proceeded with her open guilty plea. *Cf. State v. Tyler*, 440 S.W.2d 470, 474 (Mo. banc 1969) (noting that "the presence of the defendant during a part of the discussion would [not] require that the judgments be set aside as it is apparent that he fully understood the situation and knew the sentence he would receive in the event he entered pleas of guilty").

■ In an attempt to avoid the denial of this claim, Huston argues that the court's improper participation in plea negotiations is further evidenced by its alleged inability to remain impartial in its sentencing. Hu-

ston claims that the court retaliated against her for not following its "implied directive" to accept the State's plea offer when it sentenced her to a term of imprisonment greater than the twelve-year offer that the court knew she had rejected.

■ We presume that "a judge will not undertake to preside in a case in which he cannot be impartial." *Phelps v. State*, 827 S.W.2d 742, 747 (Mo. App. E.D. 1992) (citation omitted). "This presumption is overcome and disqualification is required only if a reasonable person[,]" on the basis of objective facts, "would find an appearance of impropriety and doubt the impartiality of the court." *Payne*, 488 S.W.3d at 166 (citation omitted); *see also Phelps*, 827 S.W.2d at 747. "[N]ot every prejudice rises to the level that is legally sufficient to disqualify a judge from the duty of hearing a case." *Phelps*, 827 S.W.2d at 747 (citation omitted). "[A] judge shall recuse himself . . . where the judge has a *personal* bias or prejudice concerning a party . . . or knowledge of facts that are in dispute." *Payne*, 488 S.W.3d at 166 (emphasis added) (citation omitted).

> Specifically, *a disqualifying bias or prejudice is one that has an extrajudicial source and results in an opinion on the merits on some basis other than what the judge learned from the judge's participation in a case.* In cases requiring recusal, the common thread is either a fact from which prejudgment of some evidentiary issue in the case by the judge may be inferred or facts indicating the judge considered some evidence properly in the case for an illegitimate purpose.

*Id.* (citation omitted).

■ Huston does not point to any fact that would reveal a personal bias from an

*learned from the judge's participation in [the] case[.]"* and there was no manifest injustice to

the defendant. *Payne*, 488 S.W.3d at 166-67.

extrajudicial source to support her argument that the judge was impartial. Rather, she simply argues that the court's impartiality is apparent from the fact that the sentence imposed exceeded the previously rejected plea offer and was thus retaliatory. To be entitled to relief on a claim of retaliatory sentencing, "[a] movant must show that [her] exercise of a constitutional right was an actual, *'determinative factor'* considered by the trial court in making its sentencing decision." *Morse v. State*, 462 S.W.3d 907, 913 (Mo. App. E.D. 2015) (emphasis added) (citation omitted). "[T]he key characteristic of cases where retaliatory sentencing was found to exist was the presence of words stated by or attributed to the trial court that directly connected the imposition of enhanced sentencing with a comment about the exercise of a constitutional right." *Id.* (citation and internal quotation marks omitted).

Even though the court's sentence was greater than the twelve-year sentence previously offered by the State, Huston fails to show that her refusal to accept the State's offer was a determinative factor in the court's sentencing, *see id.*, or "that a reasonable person would have had factual grounds to find even the appearance of impropriety or any doubt as to the court's impartiality[,]" *see Payne*, 488 S.W.3d at 166-67. The transcript from the sentencing hearing makes no reference to Huston's choice to enter an open guilty plea instead of accepting the State's previous offer. *See Morse*, 462 S.W.3d at 913. Rather, the record reveals that, after considering the evidence and the SAR, the judge was prepared to sentence Huston to seventeen years but instead imposed a sentence of fifteen years after hearing the arguments of counsel, which was well below the maximum sentence available for the three charges.[6]

Point III is denied. Because we conclude that the court did not participate in the plea discussions; that, even if the court participated in plea discussions, the defendant's plea was not involuntary; and that the court did not objectively appear to engage in retaliatory sentencing, we need not further consider Huston's fourth point on appeal alleging that her counsel was ineffective for failing to move for the recusal of the plea judge and it is deemed denied.[7]

## IV. CONCLUSION

The motion court's judgment denying Huston's Rule 24.035 motion is reversed in part, her conviction as to Count I is vacat-

---

**6.** Huston was charged with distributing a controlled substance near a school, a Class A felony under § 195.214, and two counts of distributing a controlled substance, a Class B felony under § 195.211. As a persistent offender, she could be sentenced up to thirty years, or life imprisonment, on each charge. *See* § 558.011.1 (authorized terms of imprisonment); § 195.291.2 (any person who has pleaded guilty under section 195.211 shall be sentenced to the authorized term of imprisonment for a class A felony without probation or parole if a persistent drug offender under section 195.275).

**7.** Success on an ineffective assistance of counsel claim requires that "counsel failed to exercise the customary skill and diligence a reasonably competent attorney would have exercised under similar circumstances and that [the movant] was prejudiced." *Cooper*, 356 S.W.3d at 155-56. The claim is only viable to the extent that it renders the movant's plea involuntary. *Id.* at 153. Huston argues that counsel was ineffective for failing to request the recusal of the plea judge after he had allegedly participated in plea discussions and appeared to engage in retaliatory sentencing. Our conclusions that the alleged improper participation of the judge in plea discussions did not render Huston's plea unknowing or involuntary and that the judge did not objectively appear to engage in retaliatory sentencing preclude any conclusion that her counsel was ineffective.

ed, and the case is remanded for trial or further plea proceedings on Count I only.

On Huston's remaining claims, the record conclusively shows that Huston is not entitled to relief. The judgment is affirmed as to those claims.

All concur.